**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4275**
_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

LEANDER SHERROD HANDS,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:11-cr-00098-FL-1)

_____

Submitted:  April 29, 2014          Decided:  May 29, 2014

_____

Before MOTZ, KING, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leander Sherrod Hands appeals from his convictions and 300-month sentence following his conditional guilty plea to conspiracy to possess with intent to distribute and distribute a quantity of heroin, in violation of 21 U.S.C. § 846 (2012); possession with intent to distribute a quantity of heroin and cocaine base and aiding and abetting the same, in violation of 18 U.S.C. § 2 (2012) and 21 U.S.C. § 841(a)(1) (2012); and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2012). Hands preserved the right to appeal the district court's denial of his motion to suppress. Hands argues that the police officer who stopped his vehicle did not have reasonable suspicion to do so. We affirm.

We review the district court's factual findings regarding the motion to suppress for clear error, and the court's legal conclusions de novo. United States v. Burgess, 684 F.3d 445, 452 (4th Cir.), cert. denied, 133 S. Ct. 490 (2012). When, as here, a motion to suppress has been denied, we view the evidence presented in the light most favorable to the Government. United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013).

Consistent with the Fourth Amendment, a police officer may stop a person for investigative purposes when the officer

2

has reasonable suspicion based on articulable facts "that criminal activity 'may be afoot.'" United States v. Arvizu, 534 U.S. 266, 273 (2002) (quoting Terry v. Ohio, 392 U.S. 1, 30 (1968)). Whether there is reasonable suspicion to justify the stop depends on the totality of the circumstances, including the information known to the officer and any reasonable inferences to be drawn at the time of the stop. Id. at 273-74; United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). The reasonable suspicion determination is a "commonsensical proposition," and deference should be accorded to police officers' determinations based on their practical experience and training. United States v. Foreman, 369 F.3d 776, 782 (4th Cir. 2004). Moreover, the collective knowledge doctrine provides that an officer may act on the instruction of another officer "if the instructing officer had sufficient information to justify taking such action [himself]." United States v. Massenburg, 654 F.3d 480, 492 (4th Cir. 2011).

Hands first contends that Detective Sellers' and Lieutenant Hart's testimony was not credible because the confidential informant ("CI") stated that the Chevrolet Impala driven by Hands was brown or tan, whereas the officers reported that the CI had described the Impala as gold. Although Detective Sellers and Lieutenant Hart incorrectly reported that the CI described the Impala as gold, we conclude that this error

is neither fatal to the reasonable suspicion analysis nor completely undermines the officers' testimony, which the district court found credible. See United States v. McGee, 736 F.3d 263, 270 (4th Cir. 2013) ("[I]t is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress.").

Lieutenant Hart was armed with sufficient knowledge to form a reasonable suspicion that the Impala was involved in criminal activity even without a description of its color. He reasonably relied on the information provided by the CI, whom he knew to be reliable and truthful, and by Detective Bacon, who recently had participated in surveillance involving a controlled purchase by the CI in the same area. See United States v. Harris, 39 F.3d 1262, 1269 (4th Cir. 1994) (holding that "[i]nformation of criminal activity given by a known reliable informant is enough to sustain a Terry stop"). The CI informed Lieutenant Hart (through Detective Sellers) that the Impala he was trailing contained the heroin, and Detective Bacon confirmed that the license plate of that Impala matched the one he had spotted traveling toward the location of the drug transaction. Further, Lieutenant Hart's familiarity with the history of the case and his knowledge (through the CI and Detective Sellers) that the driver of the Impala had recently been released from

prison and was known to carry firearms bolstered his conclusion that criminal activity was afoot.

We also find no merit to Hands' argument that Detective Bacon's testimony was not credible. Contrary to Hands' contention, Detective Bacon identified the individual with whom the CI's contact met as an "unknown black male" in his report. Moreover, Hands' counsel stipulated below that any reference to an "unknown white male" in the transcript of the suppression hearing was in error.

In sum, we conclude that Lieutenant Hart had sufficient information to form more than an "inchoate and unparticularized suspicion or 'hunch' of criminal activity." United States v. Bumpers, 705 F.3d 168, 171 (4th Cir.) (internal quotation marks omitted), cert. denied, 134 S. Ct. 218 (2013). He was therefore justified in stopping the Impala. Accordingly, we affirm the district court's denial of Hands' motion to suppress. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED